IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRYAN ANTHONY DOUGLAS,

        Plaintiff,                    No. CIV S-09-3412 FCD GGH P

    vs.

B. STEVENS,

        Defendant.                ORDER

_____/

Introduction

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's "motion for sanctions to compel defendant to answer first set of interrogatories," filed on July 19, 2010, to which the defendant filed an opposition on August 3, 2010. Anomalously, plaintiff has also filed a motion to deny defendant's "motion for admissions," apparently served on him on August 3, 2010, protesting that he "respectfully declines to answer" the requests "under the authority of FRCP 36." See "plaintiff's motion in opposition to defendant's request for admissions," filed on August 31, 2010, p. 1, docket # 25.[1] However, there is no motion to compel responses filed as to any

---

[1] Plaintiff includes an inapposite memorandum of points and authorities in putative support of his purported motion at docket # 24, also filed on August 31, 2010.

requests for admissions propounded by the defendant upon the plaintiff, nor are any such requests submitted before this court. Therefore, the response or opposition to such non-existent motion will be disregarded. However, plaintiff is cautioned that a failure to respond to requests for admission altogether, propounded pursuant to Fed. R. Civ. P. 36, in this case, within forty-five days of service of the requests, renders the matter admitted. See Fed. R. Civ. P. 36(3).

Pursuant to Fed. R. Civ. P. 36(a)(4):

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Finally, as to any objections to any request for admission:

> The grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial.

Fed. R. Civ. P. 36(a)(5).

Plaintiff does not have the authority pursuant to Fed. R. Civ. P. 36, as he maintains, simply to disregard the requests for admission. The court will, in light of the information provided plaintiff herein generously grant plaintiff an additional twenty-eight days from the date of this order to respond to the requests for admission to which plaintiff, generically and without foundation, submits his protests.

Motion to Compel

Plaintiff's motion to compel further responses to his first set of interrogatories propounded upon the defendant and for sanctions appears to arise from his dissatisfaction with the initial response to his interrogatories. Plaintiff indicates that he served his interrogatories upon the defendant, pursuant to Fed. R. Civ. P. 33, on May 9, 2010. Motion to Compel (MTC),

p. 2. Plaintiff avers that he received a response on June 28, 2010, accompanied by a letter from defendant's counsel stating that unverified responses were being submitted. Id. A review of a copy of the letter, dated June 24, 2010, included both with the motion and defendant's opposition, shows that counsel for defendant Stevens stated therein that she had provided responses on behalf of the defendant but that the responses were unverified and not complete because the defendant could not be located because she was on vacation. See MTC, p. 5; Opposition (Opp.), Declaration of Lakeysia Beene, ¶ 4, Exhibit (Ex.) B. Counsel admits that she had waited until the previous week to contact her client and the defendant had at that point already left for vacation. Id. Counsel apologizes for a delay that she characterizes as inadvertent and assures plaintiff that no attempt to thwart the discovery process is intended. Id. She explains that the responses provided are to preserve any objections and she asks that plaintiff allow her more time to provide "full and complete answers," assuring plaintiff that she would supplement the responses and provide a signed verification upon the defendant's return.

In the opposition, defendant's counsel avers that the interrogatories were received on May 12, 2010, and that the responses were served on June 24, 2010. Opp., Beene Dec., ¶ 3, Ex. A. Exhibit A contains a copy of the interrogatories and responses solely in the form of objections. Defendant's counsel confirms the content of her letter to plaintiff and declares that she served plaintiff with the supplemental responses on August 3, 2010. Opp., Beene Dec. ¶¶ 4-5, Ex. C. Exhibit C contains a copy of the interrogatories, the initial responses in the form of objections and the supplemental responses, each of which reiterates the objections but also includes a substantive response; this exhibit also includes a copy of defendant's signed verification, dated August 2, 2010. There is no reply from plaintiff raising any objection to the substantive responses nor do these appear to be at issue; plaintiff thus seeks sanctions, in a motion filed before the substantive supplemental responses were served, predicated on his belief that defendant Stevens' failed to comply with the rules of discovery and acted in bad faith. MTC, p. 1. He contends that the defendant should have been accessible during her vacation and

he was not satisfied with responses only in the form of objections, which objections he also found deficient in themselves. Id. at 2-3.  Plaintiff asks that he be awarded sanctions in the amount of $75 per hour for 5 hours (i.e., $375.00) for his work in preparing the instant motion. Id. at 3.  He also asks that defendant be ordered to submit amended interrogatory responses and that the initial responses be expunged.  This request for amended responses (and the inapposite request for expungement) made before the supplemental responses were provided will be denied as moot.  The court understands plaintiff's frustration.  Counsel should, at a minimum, have sought plaintiff's permission to submit supplemental responses prior to the expiration of time for providing discovery responses.  On the other hand, the substantive responses themselves, although belated, do not appear to be deficient on the face of it and plaintiff does not take issue with them.  In addition, counsel's error and delay by both defendant and her counsel, although inconvenient for plaintiff, does not appear to have been intentional nor to have significantly prejudiced plaintiff.  As for his request for the imposition of monetary sanctions for the cost of bringing his motion, defendant's point is well-taken that Fed. R. Civ. P. 37 does not empower the court to award attorney's fees to a pro se litigant. Opp., p. 8, citing Pickholtz v. Rainbow Techs, 284 F. 3d 1365, 1376 (Fed. Cir. (Cal.)  2002).

        Fed. R. Civ. P. 37(a)(5) provides:

> If the motion [to compel] is granted— or if the disclosure or requested discovery is provided after the motion was filed— the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order the payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

In this instance, the motion to compel is being denied, therefore the sanctions sought for bringing

the motion will also be denied. See, e.g, Richardson v. Bryant, 2009 WL 3748501 * 4 (E.D. Cal. 2009). Further, to the extent plaintiff does appear to be seeking reimbursement for his hours of preparing his own motion as his own attorney, defendant is correct that plaintiff, a non-attorney, cannot qualify for attorney's fees. Kay v. Ehrler, 499 U.S. 432, 435 & n. 5, 111 S. Ct. 1435, 1436-1437 & n. 5 (1991)(noting that "the Circuits are in agreement...on the proposition that a *pro se* litigant who is *not* a lawyer is *not* entitled to attorney's fees" and holding that even a pro se litigant who is an attorney who prevails in a civil rights action is not entitled to attorney's fees) [emphasis in original]. In addition, the court, in according plaintiff a very liberal extension of time to respond appropriately to defendant's requests for admissions (see above), is being quite even-handed in permitting dilatory discovery responses on the part of both parties without imposition of sanctions.

Miscellaneous

        Plaintiff has filed a document that he entitles as an opposition to a motion for summary judgment. See docket # 27, filed on August 31, 2010. However, there is no summary judgment pending in this action at this time. Plaintiff's confusion likely arose because as part of defendant's opposition to plaintiff's motion to compel, counsel for defendant included a document to which case law was appended which, while the caption stated the documents were lodged in support of defendant's opposition to the motion to compel, within the body of the document it was stated, erroneously, that the cases were lodged in support of defendant's motion for summary judgment. See Opp., docket # 23-4. The court will disregard the inapposite opposition to a non-existent motion for summary judgment.

        Accordingly, IT IS HEREBY ORDERED that:

    1. Plaintiff's "motion for sanctions to compel defendant to answer first set of interrogatories," filed on July 19, 2010 (docket # 22), is denied.

    2. Plaintiff is granted an extension of time of twenty-eight days from the date of this order to serve a response to defendant's request for admissions apparently served on him on

or around August 3, 2010, in accordance with Fed. R. Civ. P. 36.

        3. Plaintiff's inapposite opposition to a motion for summary judgment (filed on August 31, 2010, docket # 27), which motion has not been filed to date, is disregarded.

DATED: 10/22/2010

                                        /s/ Gregory G. Hollows

                                        GREGORY G. HOLLOWS
                                        UNITED STATES MAGISTRATE JUDGE

GGH:009
doug3412.mtc+