IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRYAN ANTHONY DOUGLAS,

    Plaintiff,          No. CIV S-09-3412 KJM GGH P

    vs.

B. STEVENS,

    Defendant.        <u>ORDER</u>

_____/

<u>Introduction</u>

    Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for extension of time for discovery and motion to file an amended civil rights complaint, both filed on November 1, 2010, and both of which defendant Stevens opposes.

    Because the question of whether or not plaintiff needs more time for discovery depends in large part on whether or not he is allowed to proceed with an amended complaint naming additional defendants, the court will first address the arguments for and against plaintiff's being permitted to proceed upon an amended complaint, even though the motions become interrelated.

\\\\\

Motion for Leave to Amend

In the original complaint, filed on December 8, 2009, almost a year before the filing of the proposed amended complaint, plaintiff included the name of one of the individuals that he now seeks to add as a defendant within his allegations, but evidently expressly chose not to sue him at that time by identifying only Licensed Vocational Nurse B. Stevens as a defendant. The answer to his complaint was filed on May 3, 2010.

> Under Federal Rule of Civil Procedure 15(a)(2), federal courts are instructed to "freely give leave [to amend] when justice so requires." A district court, however, may in its discretion deny leave to amend "due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.' " Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir.2008) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009).

In the half-page document he provides as his motion for leave to amend, plaintiff only contends very generally that he needs "to more completely detail the actions and events that gave rise to this civil action" and that he believes "all the parties will be better served, if a more complete complaint is submitted to all parties." Motion for Leave to Amend (MTA), p. 1. What plaintiff does not provide, either within the very abbreviated motion, or the proposed amended complaint, is any reason why (a) he did not originally identify all the parties he wishes to sue at this time or (b) why he could not have sought leave to amend to add the new parties much earlier. He makes no reference to having only recently been able to determine the actions and the identities of these individuals (as noted, he even references one, but not as a defendant, in the original complaint) relative to the alleged injury at issue. Indeed as the additional details are now laid out, he was evidently fully aware of the actions of the newly named defendants at the time of the incident giving rise to this cause of action. Nor is it likely that plaintiff would not have known how to proceed against all the parties he deemed relevant. In Case No. 4:09-cv-03191

1  LHK, that he asserts he filed in the Northern District on or about July 14, 2009, plaintiff lists
2  some 22 defendants that he named therein.  Proposed First Amended Complaint (PFAC), pp.1-2.
3  In another case he states that he filed in this district and division on or about December 8, 2009,
4  Case No. 2:09-3411 JAM KJM, plaintiff named at least two defendants.  Id., at 2.  Further,
5  although plaintiff now seeks to add others he wants to hold responsible for the alleged delay in
6  treatment he received for his breathing problem, the gravamen of any Eighth Amendment
7  violation does appear to rest with the originally named defendant, Stevens.

8  In arguing against the motion for leave to amend, defendant points out that the
9  Discovery and Scheduling Order, filed on May 12, 2010 (docket # 20), set the discovery deadline
10 as September 23, 2010, and the pretrial dispositive motion deadline as February 24, 2011.
11 Opposition (Opp.), pp. 2-3.  She further argues that she would be prejudiced by having to
12 continue to participate in discovery conducted, for which the deadline has long since passed, by
13 the new defendants [and plaintiff] and that the case would be likely extended by a year or more.
14 Id., at 3.  Defendant is correct that while Rule 15 is a liberal standard, allowing amendment of the
15 complaint at this point would require modification of the scheduling order, for which plaintiff
16 must show good cause.  Id.  Because, at a minimum, plaintiff fails to show good cause for
17 extending the discovery deadline in both his attenuated motion for leave to amend and his
18 untimely request for an extension of the discovery deadline (see below) as well as for his undue
19 delay in filing the proposed first amended complaint, the court will deny leave to amend.  Kourtis
20 v. Cameron, 358 Fed. Appx. 863, 867, 2009 WL 4885054 * 2 (9th Cir. 2009)[1] (district court did
21 not abuse its discretion by denying motion for leave to file a second amended complaint adding
22 new defendants nearly four years after the potential defendants should have been known to

---

[1] The Ninth Circuit now permits citation to unpublished cases.  Ninth Circuit Rule 36-3, in accordance with Fed. R. App. P. 32.1, permits citation to unpublished dispositions and orders issued on or after January 1, 2007.  However, such rulings "are not precedent, except when relevant under the doctrine of law of the case or rules of claim preclusion or issue preclusion."  Ninth Circuit Rule 36-3(a).

3

1  plaintiffs).

2  <u>Motion to Extend the Discovery Deadline</u>

3  In his untimely single-page motion to extend the discovery deadline (filed more than a month after discovery was closed and unsupported by a declaration), plaintiff contends that he has not been able to have enough access to legal materials and the law library to conduct discovery thoroughly and maintains that he has not been able to complete the interrogatories he intends to propound upon the defendant, as well as requests for admission and production of documents. Motion, p. 1. As defendant notes, however, plaintiff has propounded interrogatories upon the defendant and they have even been the subject of a motion to compel. Opposition (Opp.), p. 2; see <u>Order</u>, filed on October 25, 2010.[2] Moreover, defendant contends that plaintiff has not shown the requisite "good cause" pursuant to Fed. R. Civ. P. 16(b)(4),[3] by seeking to extend the September 23, 2010 discovery deadline more than a month after the cut-off date. Id. This court agrees. See, e.g., <u>Johnson v. Mammoth Recreations, Inc</u>., 975 F.2d 604, 609 (9th Cir.1992) ("good cause" standard of Rule 16 applies to motion to amend scheduling order after cut-off date has passed); <u>id</u>. ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment"). The court also agrees that access to the law library is not a prerequisite to fashioning discovery requests. Plaintiff has not shown the requisite diligence to show "good cause" for a modification of the scheduling order in seeking an extension of the discovery deadline and the request will be denied. The deadlines set forth in the <u>Discovery and Scheduling Order</u> (docket # 20) remain in effect (with the limited modification the

---

[2] In that order, plaintiff's motion for sanctions with respect to defendant's responses to his first set of interrogatories was denied, and, in fact, plaintiff therein raised no objection to defendant's substantive responses. See <u>Order</u>, filed on October 25, 2010 (docket # 28). Moreover, plaintiff was previously granted an extension of time of the discovery deadline, sua sponte, for the limited purpose of permitting him time to serve responses to defendant's request for admission.

[3] "A schedule may be modified only for good cause and the judge's consent." Fed. R. Civ. P. 16(4).

4

court previously generously extended to plaintiff.  See footnote 2).

        Accordingly, IT IS ORDERED that:

        1.  Plaintiff's November 1, 2010 (docket # 29), motion for extension of time to conduct discovery is denied;

        2.  Plaintiff's November 1, 2010 (docket # 30), motion for leave to amend his complaint is denied; and

        3.  The deadlines set forth in the Discovery and Scheduling Order (docket # 20) remain in effect (with the limited modification made previously sua sponte noted above).

DATED: January 24, 2011

                                    /s/ Gregory G. Hollows

                              GREGORY G. HOLLOWS
                              UNITED STATES MAGISTRATE JUDGE

GGH:009
doug3412.mta+